[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14270
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:11-cr-00007-BAE-GRS-1

UNITED STATES OF AMERICA,

                                                      Plaintiff - Appellee,

versus

MARION J. WEAVER, JR.,

                                                      Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 6, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Marion Weaver, who was convicted of passing counterfeit securities of corporations and organizations, appeals his 24-month prison sentence, contending that his sentence is procedurally and substantively unreasonable.

I.

Weaver participated in a fraudulent check cashing scheme. His role was to cash fraudulent checks and give the proceeds to the people running the scheme. Those people paid Weaver $500 for serving as the "final link" in their plan. After Georgia authorities arrested Weaver on unrelated charges, a federal grand jury indicted him on one count of passing counterfeit securities of corporations and organizations in violation of 18 U.S.C. § 513. He pleaded guilty to that charge.

The presentence investigation report recommended a base offense level of 6 and added 2 levels because the intended loss from the scheme was $6,923.40. Subtracting 2 levels for acceptance of responsibility, Weaver's total offense level was 6. The PSR recounted Weaver's extensive criminal history, which included three convictions for possession of cocaine, two convictions for public drunkenness, two convictions for theft, two convictions for criminal trespass, and one conviction for criminal damage to property. The PSR recommended a criminal history category of III, which yielded a guidelines range of 2–8 months imprisonment when combined with Weaver's total offense level. The statutory

maximum was 120 months imprisonment.  See 18 U.S.C. § 513.

After Weaver did not object to the PSR, the court adopted the PSR's findings.  Weaver and the government then argued for a within-the-guidelines prison sentence.  The court varied upward and sentenced Weaver to 24 months imprisonment.  The court found that the upward variance was necessary because Weaver had a long history of committing crimes, receiving lenient sentences, spending minimal time in jail, and violating probation.  The court reasoned:

> Well, when he is out, he is committing crimes, and I will not be able to stop him from committing crimes.  He will go back and commit more crimes, fraud, bad checks, counterfeit, drugs.  So the only protection I can give the public is when he is in jail he at least is not committing crime. . . .  And the guidelines simply do not address this type of behavior, the history that he has compiled and the characteristics that he has indicated. . . .  He would have defrauded as many businesses as possible by passing fraudulent checks.

The court also said that Weaver was the "final link" in a plan that was "destructive of trust in the banking systems" and that it intended the sentence to "provide deterrence for some future criminal conduct by this defendant."

## II.

Weaver contends that his 24-month prison sentence is procedurally unreasonable, arguing that the district court imposed that sentence based exclusively on his criminal history and personal characteristics, instead of on a

3

consideration of all § 3553(a) factors, and that it failed to adequately explain the upward variance. He also contends that his sentence is substantively unreasonable, arguing that the district court improperly balanced the § 3553(a) factors by placing undue weight on his criminal history and characteristics and that the sentence created an unwarranted disparity between Weaver and the "countless, similarly situated defendants, who are and have been sentenced within the guideline range."

We apply an abuse of discretion standard in reviewing a sentence. United States v. White, 663 F.3d 1207, 1215 (11th Cir. 2011). We first ensure that the district court committed no significant procedural error, such as failing to consider the relevant § 3553(a) factors or failing to adequately explain an upward variance from the guidelines range. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). If the sentence is not procedurally unreasonable, we determine whether it is substantively reasonable. White, 663 F.3d at 1215.

Our substantive reasonableness review is guided by the factors in 18 U.S.C. § 3553(a). Id. at 1217. The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in that statutory provision. 18 U.S.C. § 3553(a). Those purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just

punishment of the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. Id. § 3553(a)(2). Among other factors, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to avoid unwarranted sentencing disparities. See id. § 3553(a)(1), (4), (6).

The burden of establishing that a sentence is unreasonable lies with the party challenging it. White, 663 F.3d at 1217. We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

The district court did not commit procedural error in imposing Weaver's 24-month prison sentence. The record establishes that the court adequately explained its decision to impose an upward variance from the guidelines range and that it properly considered the § 3553(a) factors. Although the court did not explicitly state that it had considered each of those factors, it did explicitly base the prison

sentence on a consideration of the applicable guidelines range, the nature and circumstances of the offense, Weaver's history and characteristics, the need to deter future criminal conduct, and the goal of protecting the public from Weaver's future criminal conduct. "A sentencing court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3533(a) factor." United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010) (quotation marks omitted).

Nor has Weaver demonstrated that his prison sentence is substantively unreasonable. His sentence was well below the statutory maximum prison term of 120 months, see United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a defendant's sentence was reasonable in part because it was well below the statutory maximum), and the record establishes that the sentence takes into account not only Weaver's history and characteristics but also the other § 3553(a) factors. The court's specific finding that the nature and circumstances of the offense, Weaver's history and characteristics, deterrence of criminal conduct, and protecting the public from Weaver's future criminal conduct justified an upward variance from the guidelines range does not amount to an improper balancing of the § 3553(a) factors and does not render the sentence substantively unreasonable.

**AFFIRMED.**